IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| FRED P. DEFIORE, | ) | CASE NO. 1:18 CV 0184 |
| | ) | |
| Plaintiff, | ) | JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY ADMINISTRATION, | ) | |
| | ) | **REPORT &** |
| Defendant. | ) | **RECOMMENDATION** |

## Introduction

Before me by referral[1] is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Fred P. Defiore, for disability insurance benefits. The Commissioner has answered[2] and filed the transcript of the administrative record.[3] Under my initial[4] and procedural[5] orders, the parties have

---

[1] This matter was referred to me under Local Rule 72.2 in a non-document order dated January 24, 2018.
[2] ECF No. 6.
[3] ECF No. 7.
[4] ECF No. 5.
[5] ECF No. 8.

briefed their positions[6] and filed supplemental charts[7] and the fact sheet.[8] They have participated in a telephonic oral argument.[9]

## Facts

**A.   Background facts and decision of the Administrative Law Judge**

Defiore, who was 51 years old at the time of the administrative hearing,[10] applied for disability insurance benefits on October 9, 2014, with a disability onset date of March 1, 2011.[11] His date last insured was June 30, 2016.[12]

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Defiore had severe impairments consisting of: degenerative disc disease; osteoarthritis of the back and knees; fibromyalgia; obesity; hypertension; obstructive sleep apnea; reconstructive surgery of the right ankle; diabetes mellitus; gastritis; duodenitis; rheumatoid arthritis; status-post right hip replacement; depression; and somatoform disorder.[13]

---

[6] ECF No. 12 (Commissioner's brief); ECF No. 9 (Defiore's brief).
[7] ECF No. 12, Attachment 1 (Commissioner's charts); ECF No. 9 at 29-45 (Defiore's charts).
[8] ECF No. 9 at 24 (Defiore's fact sheet).
[9] ECF No. 17.
[10] ECF No. 9 at 24.
[11] *Id.* The original onset date was March 17, 2009, but was amended to March 1, 2011, at the hearing before the ALJ. *Id.*
[12] *Id.*
[13] ECF No. 7, Transcript ("Tr.") at 15.

The ALJ found Defiore had the residual functional capacity ("RFC") for light work as defined in the regulations, with additional limitations.[14] The ALJ decided that this RFC precluded Defiore from performing his past relevant work.[15]

Based on testimony by the vocational expert at the hearing, the ALJ determined that a significant number of jobs existed nationally that Defiore could perform.[16] The ALJ, therefore, found Defiore not under a disability.[17]

**B.    Issues on judicial review**

Defiore asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Defiore presents the following issues for judicial review:

- The ALJ's Step Three and RFC findings lack substantial evidence because the ALJ failed to give controlling weight to the opinions of treating sources Dr. Schall and Dr. Kaplan and failed to adequately explain his reasons for such action.

- The ALJ failed to follow Social Security Ruling ("SSR") 16-3p in considering Defiore's statements regarding the intensity, persistence, and limiting effects of his symptoms.

- The ALJ's Step Five finding lacks substantial evidence because the ALJ incorrectly applied age and RFC at this stage of the evaluation process to reach his conclusion.

---

[14] *Id.* at 19.
[15] *Id.* at 22.
[16] *Id.* at 23.
[17] *Id.* at 24.

3

I recommend that this matter be reversed and remanded for further administrative proceedings because of the ALJ's failure to properly weigh and evaluate the opinions of Defiore's treating providers.

## Analysis

**A.     Applicable legal principles**

*1.     Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[18]

---

[18] *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citations omitted).

4

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence. If such is the case, the Commissioner survives "a directed verdict" and wins.[19] The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[20]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

### 2. *Treating source rule and good reasons requirement*

The Sixth Circuit in *Gayheart v. Commissioner of Social Security*[21] emphasized that the regulations require two distinct analyses in evaluating the opinions of treating sources.[22] The *Gayheart* decision directed that the ALJ must first determine if the opinion must receive controlling weight as well-supported by clinical and laboratory techniques and as not inconsistent with other evidence in the administrative record.[23] If the ALJ decides not to give the opinion controlling weight, then a rebuttable presumption exists that the treating physician's opinion should receive great deference.[24] This presumption may be rebutted

---

[19] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *1 (S.D. Ohio Feb. 12, 2008).
[20] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).
[21] *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013).
[22] *Id.* at 375-76.
[23] *Id.* at 376.
[24] *Rogers*, 486 F.3d at 242.

5

by application of the factors set forth in 20 C.F.R. §§ 416.927(c)(2)(i)-(ii), (3)-(6).[25] The court cautioned against collapsing these two distinct analyses into one.[26]

Despite the seemingly clear mandate of *Gayheart*, the Sixth Circuit in later decisions has adopted an approach that permits these two separate analyses to be merged into one so long as the ALJ states "good reasons" for the weight assigned, applying the regulatory factors governing each analytical step.[27] Also, despite the reality that a unified statement of these "good reasons" greatly enhances meaningful judicial review,[28] some authority exists for looking outside the unified statement for analysis of the weight assigned to a treating source's opinion.[29] Going beyond the reasons stated in the unified statement takes the Court in the hazy gray area where the sirens of *de novo* review and *post hoc* rationalization reside. A reviewing district court must avoid both. An ALJ cannot avoid reversal by merely citing exhibits in the record that might support his findings without discussing the content of those exhibits and explaining how that content provides support.[30] Nor can counsel for the Commissioner save a decision from reversal by citing to evidence

---

[25] *Gayheart*, 710 F.3d at 376.
[26] *Id.*
[27] *E.g., Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017).
[28] *Smith v. Comm'r of Soc. Sec.*, No. 5:13cv870, 2104WL1944247, at \*\*7-8 (N.D. Ohio May 14, 2014).
[29] *See, e.g., Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528 (6th Cir. 2001).
[30] *Smith v. Comm'r of Soc. Sec.*, No. 5:13 CV 870, 2104 WL 1944247, at \*7 (N.D. Ohio May 14, 2014).

6

in the record not cited and adequately discussed by the ALJ.[31] It is for the ALJ, not the Court or Commissioner's counsel, to "build a logical bridge from the evidence to the conclusion."[32] "Put simply, . . . there must be some effort . . . to explain why it is the treating physician's conclusion that gets the short end of the stick."[33]

The failure of an ALJ to follow the procedural rules for assigning weight to the opinions of treating sources and the giving of good reason for the weight assigned denotes a lack of substantial evidence even if the decision of the ALJ may be justified based on the record.[34] The Commissioner's *post hoc* arguments on judicial review are immaterial.[35]

The Sixth Circuit has identified certain breaches of the *Wilson* rules as grounds for reversal and remand, including:

- the failure to mention and consider the opinion of a treating source;[36]

- the rejection or discounting of the weight of a treating source without assigning weight;[37]

- the failure to explain how the opinion of a source properly considered as a treating source is weighed (*i.e.*, treating v. examining);[38] and

---

[31] *Sharp v. Comm'r of Soc. Sec.*, No. 1:14-cv-523, 2015 WL 3545251, at *8 (S.D. Ohio June 4, 2015) (citing *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 524 (6th Cir. 2014)), *report and recommendation adopted by* 2015 WL 3952331 (S.D. Ohio June 29, 2015).
[32] *Hale v. Colvin*, No. 3:13cv182, 2014 WL 868124, at *8 (S.D. Ohio March 5, 2014).
[33] *Friend v. Comm'r of Soc. Sec.*, 375 F. App'x 543, 552 (6th Cir. 2010).
[34] *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 407 (6th Cir. 2009).
[35] *Wooten v. Astrue*, No. 1:09-cv-981, 2010 WL 184147, at *8 (N.D. Ohio Jan. 14, 2010).
[36] *Blakley*, 581 F.3d at 407-08.
[37] *Id.* at 408.
[38] *Id.*

7

- the elevation of the opinion of a non-examining source over that of a treating source if the non-examining source has not reviewed the opinion of the treating source.[39]

The Sixth Circuit expressed skepticism as to the Commissioner's argument that the error should be viewed as harmless since substantial evidence exists to support the ultimate finding.[40] Specifically, *Blakley v. Commissioner of Social Security*[41] concluded that "even if we were to agree that substantial evidence supports the ALJ's weighing of each of these doctors' opinions, substantial evidence alone does not excuse non-compliance with 20 C.F.R. § 404.1527(c)(2) as harmless error."[42] Harmless error sufficient to excuse the breach of the treating source rule only exists if the opinion it issues is so patently deficient as to make it incredible, if the Commissioner implicitly adopts the source's opinion or makes findings consistent with it, or if the goal of the treating source regulation is satisfied despite non-compliance.[43]

## B. Application of legal principles

Although Defiore poses four issues, the controlling one involves the "weight" – or more accurately, the "non-weight" – assigned to the opinions of two treating sources: Dr. Schall (physical) and Dr. Kaplan (mental). In both cases, the ALJ finds that the opinions should not receive controlling weight but fails to state what weight these treating source

---

[39] *Id.* at 409.
[40] *Id.* at 409-10.
[41] *Id.* at 399.
[42] *Id.* at 410.
[43] *Cole v. Astrue*, 661 F.3d 931, 940 (6th Cir. 2011).

opinions should be given. This is a *per se* violation of the treating source rule.[44] Also, the ALJ's elevation of the opinions of the state agency reviewing sources over those of the treating sources is problematic because the state agency reviewing sources rendered their opinions before those of the treating sources and, therefore, did not have the opportunity to review them.[45] Even where the ALJ declines to give a treating source opinion controlling weight, "there remains a presumption, albeit a rebuttable one, that the opinion of a treating source is entitled to great deference."[46]

This throws the case into the gray area of harmless error. Failure to properly weigh the treating source opinions here constitutes harmless error if (1) the opinions are so patently deficient as to make them incredible; (2) the Commissioner implicitly adopts the source's opinion or makes findings consistent with it; or (3) the goal of the treating source regulation is satisfied despite non-compliance.[47]

Dr. Schall rendered two opinions. The first, issued in 2015, simply states in conclusory fashion that Defiore is incapable of any gainful employment.[48] The second, dated September 30, 2016, opines that Defiore is limited to sedentary work.[49] While also brief, the determination that Defiore could perform sedentary work necessarily involves a

---

[44] *Blakely*, 581 F.3d at 408.
[45] *Id.* at 409.
[46] *Rogers*, 486 F.3d at 242.
[47] *Cole*, 661 F.3d at 940.
[48] Tr. at 1217. As the ALJ noted, this is a determination reserved to the Commissioner. *Id.* at 20.
[49] *Id.* at 1630.

9

determination of functional abilities and limitations. While admittedly inconsistent with his first opinion, I cannot say that Dr. Schall's most recent opinion is so patently deficient as to make it incredible. There is no question that the Commissioner did not implicitly adopt Dr. Schall's findings, as the ALJ found Defiore could perform light work with additional limitations. Finally, the goal of the treating source regulation was not met here, as I cannot determine what weight – other than less than controlling – the ALJ assigned to Dr. Schall's opinions. Furthermore, there was no acknowledgement that the state agency reviewing sources, whose opinions were given great weight, significantly predated Dr. Schall's opinions and they did not have the benefit of reviewing the entire record. Therefore, the ALJ's failure to articulate the weight assigned to Dr. Schall's 2016 opinion and the ALJ's elevation of the state agency physicians over Dr. Schall's opinion was not harmless error.

As for Dr. Kaplan, his opinions do set out specific limitations.[50] There is an inconsistency in the Step 3 opinions. In one opinion, he opines "marked" limitations in daily living and concentration.[51] In a later opinion, he opines "moderate" impairment in activities of daily living and concentration.[52] Nevertheless, overall, these inconsistencies do not render Dr. Kaplan's opinions so patently deficient as to make them incredible. There is no question that the ALJ did not implicitly adopt Dr. Kaplan's findings. And again, the

---

[50] *Id.* at 1611-12.
[51] *Id.* at 1609.
[52] *Id.* at 1610.

10

goal of the treating source regulation was not met here, as I cannot determine what weight – other than less than controlling – the ALJ assigned to Dr. Kaplan's opinions. Furthermore, there was no acknowledgement that the state agency reviewing sources, whose opinions were given great weight, significantly predated Dr. Kaplan's opinions and they did not have the benefit of reviewing the entire record. Therefore, the ALJ's failure to articulate the weight assigned to Dr. Kaplan's opinions and the ALJ's elevation of the state agency physicians over Dr. Kaplan's opinions was not harmless error.

Given the need for remand on the treating source issue, I do not reach the additional arguments advanced by Defiore.

## Conclusion

The ALJ erred in failing to assign weight to the opinions of Drs. Schall and Kaplan and in elevating the earlier opinions of the state agency reviewing sources over their opinions. Accordingly, I recommend that the decision of the Commissioner denying Defiore disability insurance benefits and be reversed and this matter remanded for further administrative proceedings. On remand, the ALJ must properly analyze and weigh the 2016 opinion of Dr. Schall and Dr. Kaplan's opinions, and their impact on the RFC.

IT IS SO RECOMMENDED.

Dated: December 18, 2018          s/ William H. Baughman, Jr.
                                                        United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[53]

---

[53] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).