# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| FRED P. DEFIORE, | ) | CASE NO. 1:18-CV-0184 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the Report and Recommendation of Magistrate Judge William H. Baughman, Jr. (Doc. No. 18 ["R&R"]) with respect to plaintiff's complaint for judicial review of defendant's denial of his application for Disability Insurance Benefits ("DIB") under 42 U.S.C. §§ 416(i), 423, 1381, *et seq.* (the "Act"). The R&R recommends that the denial of benefits be reversed and the case remanded for further administrative proceedings. The defendant filed objections to the R&R (Doc. No. 20 ("Obj.")) and plaintiff Fred P. DeFiore ("DeFiore") filed a response to the objections (Doc. No. 21 ("Resp.")).

Upon *de novo* review and for the reasons set forth below, the Court hereby sustains the defendant's objections in part and overrules them in part, accepts the R&R in part, vacates the denial of benefits, and remands for further administrative proceedings consistent with this order.

## I. BACKGROUND

DeFiore filed his application for DIB on October 9, 2014 (Doc. No. 7 (Transcript ["Tr."]) 257–63.[1]), alleging a disability onset date of March 1, 2011.[2] DeFiore was 51 years old at the time of the administrative hearing. (*Id.* 72–73.) His past relevant work consisted of being a construction worker (laborer) primarily involved in the demolition and construction of buildings. (Tr. 73.)

After DeFiore's DIB application was denied initially (*id.* 164–72), and upon reconsideration (*id.* 174–80), he requested a hearing before an Administrative Law Judge ("ALJ") (*id*. 181–82). The hearing was conducted on October 5, 2016; plaintiff appeared and was represented by counsel. The hearing transcript is in the record. (Tr. 69–117.) On November 29, 2016, the ALJ issued his decision, determining that DeFiore was not disabled under the Act. (*Id.* 46–66.)

DeFiore filed the instant action under 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review. Represented by counsel, DeFiore filed a brief on the merits (Doc. No. 9 ("Pl. Br.")), defendant filed a response brief on the merits (Doc. No. 12 ("Def. Br.")), and DeFiore filed a reply (Doc. No. 14 ("Pl. Reply")).

On December 6, 2018, Magistrate Judge Baughman conducted a telephonic oral argument, and, on December 18, 2018, the magistrate judge issued his R&R, recommending that defendant's decision be reversed and the case remanded for further administrative proceedings "because of the ALJ's failure to properly weigh and evaluate the opinions of DeFiore's treating providers." (R&R at 1761.)

---

[1] All page number references are to the page identification number generated by the Court's electronic docketing system.

[2] The original onset date was March 17, 2009 (Tr. 257), but the date was amended during the administrative hearing (Doc. No. 9 at 1698).

## II. DISCUSSION

### A. Standard of Review

This Court's review of the Magistrate Judge's R&R is governed by 28 U.S.C. § 636(b), which requires a de novo decision as to those portions of the R&R to which objection is made. "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). *See also* Fed. R. Civ. P. 72(b)(3) ("[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to[]"); Local Rule 72.3(b) (any objecting party shall file "written objections which shall specifically identify the portions of the proposed findings, recommendations, or report to which objection is made and the basis for such objections[]").

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Longworth v. Comm'r Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005). "Substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007) (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). If there is substantial evidence to support the defendant's decision, it must be affirmed even if the reviewing court might have resolved any issues of fact differently and even if the record could also support a decision in plaintiff's favor. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001) ("The findings of the Commissioner are not

subject to reversal merely because there exists in the record substantial evidence to support a different conclusion.") (citations omitted).

B. **Analysis**

At the point in the five-step sequential analysis where the ALJ determines whether the claimant's impairment is of a severity to meet or equal a listing, and where the claimant's residual functional capacity ("RFC") is evaluated, the ALJ concluded that DeFiore did not meet or equal any listing and had the RFC to perform light work, with certain limitations.

In reaching this conclusion, the ALJ considered, *inter alia*, the reports and opinions of two of DeFiore's treating sources: Dr. Perry Schall, M.D. (physical) and Dr. Robert Kaplan, Ph.D (mental). The R&R found fault with the ALJ's decision with respect to the weight given these treating sources. (R&R at 1765.) According to the R&R:

> [i]n both cases, the ALJ finds that the opinions should not receive controlling weight but fails to state what weight these treating source opinions should be given. This is a *per se* violation of the treating source rule. Also, the ALJ's elevation of the opinions of the state agency reviewing sources over those of the treating sources is problematic because the state agency reviewing sources rendered their opinions before those of the treating sources and, therefore, did not have the opportunity to review them. Even where the ALJ declines to give a treating source opinion controlling weight, "there remains a presumption, albeit a rebuttable one, that the opinion of a treating source is entitled to great deference." [*Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 242 (6th Cir. 2007).]

(*Id.* at 1765–66 (some citations omitted).)

Defendant objects to the R&R's recommendation that this case be remanded due to the ALJ's alleged failure to clearly articulate the weight assigned to the two treating sources. Defendant first argues that the opinions of Dr. Schall and Dr. Kaplan were not the sort of "medical source opinions" entitled to deferential weight because neither opinion contained the requisite specificity regarding work-related functional limitations. (Obj. at 1772.) Second, although

4

acknowledging that the ALJ "did not expressly state what level of discounted weight he gave to [the respective treating source] opinions," defendant argues that any such error "was harmless." (*Id*. at 1772.) Defendant also argues that to remand "for the ALJ to include a statement that he 'gave little weight' to the statements . . . 'would be an idle and useless formality[.]'" (*Id*. at 1774 (citing *NLRB v. Wyman-Gordan Co.*, 394 U.S. 759, 766 n.6, 89 S. Ct. 1426, 22 L. Ed. 2d 709 (1969) (*quoted in Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)).)

Under the relevant regulations, the ALJ generally gives "more weight to opinions from … treating sources" and will give such an opinion "controlling weight" where it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record[.]" 20 C.F.R. § 404.1527(c)(2). But "the ALJ is not bound by conclusory statements of doctors, particularly where they are unsupported by detailed objective criteria and documentation." *Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001) (internal quotation marks and citation omitted). Further, "[a]lthough the opinion of a treating physician generally is given more weight, [the Sixth Circuit] has recognized that consultative opinions may be credited where they are supported by the record." *Price v. Comm'r of Soc. Sec.*, 342 F. App'x 172, 177 (6th Cir. 2009). Therefore, "[w]here the opinion of a treating physician is not supported by objective evidence or is inconsistent with the other medical evidence in the record, [the] Court generally will uphold the ALJ's decision to discount that opinion." *Id.*, 342 F. App'x at 175–76.

> ALJ written decisions must ultimately contain 'good reasons … for the weight [they] give" the opinion, and their explanation "must be sufficiently specific to make clear to any subsequent reviewers the weight [given] to the treating source's medical opinion and the reasons for that weight," SSR 96-2p, 1996 WL 374188, at *5 (July 2, 1996). If an ALJ's decision flouts these procedural rules, we affirm only if we find the error harmless. *See, e.g.*, *Wilson [v. Comm'r of Soc. Sec.]*, 378 F.3d [541], 546–47 [(6th Cir. 2004)].

5

*Francis v. Comm'r of Soc. Sec.*, 414 F. App'x 802, 804 (6th Cir. 2011). Although the regulations instruct an ALJ to consider certain factors (such as the length, nature and extent of the treatment relationship, and the frequency of examination), "they expressly require only that the ALJ's decision include 'good reasons … for the weight … give[n] [to the] treating source's opinion'—not an exhaustive factor-by-factor analysis." *Id.* (alterations in original). The requirement of articulating good reasons "is not simply a formality; it is to safeguard the claimant's procedural rights." *Cole v. Astrue*, 661 F.3d 931, 937 (6th Cir. 2011). In addition, "the requirement safeguards a reviewing court's time, as it permits meaningful and efficient review of the ALJs' application of the [treating source] rule." *Id.* at 938 (quotation marks and citation omitted).

Upon review, this Court accepts the R&R only in part, concluding that the ALJ did not err in his application of the treating source rule with respect to his evaluation of Dr. Schall, but he did err with respect to Dr. Kaplan. Each is addressed separately below.

### *Perry M. Schall, MD*

As to Dr. Schall, the ALJ found, in relevant part:

I note, initially, that the claimants [sic] treating physician, Dr. Perry Schall, has supplied treating source opinions on behalf of the claimant. At Exhibit 8F page 2, dated July 31, 2015, he opines, "It is my medical opinion beyond any reasonable doubt that [DeFiore] is permanently disabled from any gainful employment." However, this determination is reserved to the Commissioner of Social Security. (SSR 96-5p).

Further, on September 30, 2016, Dr. Schall opined, "I would like to add that Mr. Defiore's physical impairments limit him to nothing more than sedentary activities." (Ex. 28F). I find this opinion is inconsistent with the other substantial evidence of record. Therefore, it is not entitled to controlling weight. (SSR 96-2p).

6

(Tr. at 56.[3]) After explicitly stating that Dr. Schall's conclusory (and inconsistent) opinions were not entitled to controlling weight, the ALJ outlined "specifically" a few portions of the medical record that he did credit. (*Id.* at 56–57 (e.g., 10/17/13—that DeFiore did well following hip surgery, exhibiting no limp and painless range of motion, having no complaints, and playing golf all summer (Ex. 2F); 5/5/15—upper extremity functions for reaching, handling, fine and gross movements intact, no need for ambulatory aid, able to drive and travel without difficulty, able to climb stairs, daily living and instrumental activities intact (Ex. 5F); 5/9/15—full range of motion of all four extremities, 5/5 muscle grading of upper and lower extremities bilaterally, no neurovascular deficits, no sensory deficits, unaffected gait (Ex. 11F)).)

Although the ALJ's discussion is not a model of clarity, it sufficiently explains why he discounted Dr. Schall's opinions and determined that the opinion of the "reviewing state agency physician[ ] [Dr. Darr]" should be given "great weight[.]" (*Id.* at 57.) The ALJ's explanation is sufficient to meet the test of "good reasons" and to enable this Court to conduct a meaningful review.

More importantly, given the utter lack of record support (in the form of "medically acceptable clinical and laboratory diagnostic techniques" (20 C.F.R. § 404.1527(c)(2)) for the conclusory one-line opinions of Dr. Schall, and given that the opinions were shown by the ALJ to be "inconsistent with the other substantial evidence in [DeFiore's] case record[,]" (*id.*), the regulations do not require that Dr. Schall's opinions be given controlling weight.

---

[3] It is also notable that, in his September 30, 2016 letter, Dr. Schall stated: "I am aware that you enclosed other specific medical statements to complete but I do not do these forms as they are not under the scope of my training and expertise." (Tr. at 1666.) Perhaps had Dr. Schall completed the forms as requested, his opinion could have been given more credit as supported by record evidence.

7

The defendant is correct that, under these circumstances, remanding to require the ALJ to explicitly state the weight given this treating source would be both a meaningless formality and an exercise in futility.

To that extent, defendant's objections are sustained and the R&R is rejected.

### *Robert G. Kaplan, Ph.D, B.C.F.E, D.A.B.P.S.*

The ALJ's consideration of the other treating source is somewhat more problematic. As to Dr. Kaplan's opinion, the ALJ found:

> With respect to mental limitations, I note that on September 30, 2016, Dr. Kaplan supplied a treating source opinion. He opined the claimant's mental impairments meet the requirements of Listings 12.04 and 12.07 (Ex. 26F pages 1 and 2). However, this opinion is internally inconsistent with his own treatment notes of the claimant. Therefore, they, also, are not entitled to controlling weight (SSR 96-2p). Specifically, in his treatment note summary of the claimant, for the time of March 8, 2016 through August 23, 2016, Dr. Kaplan reported,
>
> "Dr. Robert Kaplan's psychological assessment of [DeFiore's] cognitive functioning indicates that he has moderately impaired concentration. In addition, a review of his daily functioning indicates that, overall, there is moderate impairment" (Ex. 26F page 3). These are not listing level degrees of impairment.

(*Id.* at 57.)

There are two extensive reports in the record from Dr. Kaplan. (Tr. 1254–75 (Ex. 9F, dated 11/23/15); 1646–61 (Ex. 26F, dated 9/30/16 and referencing the earlier report).) It appears that the ALJ "cherry-picked" a single conclusion regarding moderately-impaired concentration and overall moderately-impaired daily functioning to determine that the listings had not been met. Other than declaring Dr. Kaplan's opinion to be "internally inconsistent" with this single statement from his treatment notes, the ALJ shed no additional light on his determination. Notably, as the R&R points out, Dr. Kaplan's opinions were rendered *after* the opinions of the consulting psychiatrists that the

ALJ greatly credited.[4] This is not reconcilable and needs to be re-examined with a proper application of the treating source rule.

To that extent, defendant's objections are overruled and the R&R is accepted.

## III. CONCLUSION

For the reasons discussed above, the defendant's objections are sustained in part and overruled in part. The R&R is accepted in part and rejected in part. The Commissioner's determination that DeFiore is not disabled is vacated and this matter is remanded for additional administrative proceedings consistent with this opinion.

Although the Court specifically remands for a proper application of the treating source rule with respect to Dr. Robert Kaplan, upon remand, if an ALJ determines that it would also be advisable to revisit the analysis of Dr. Perry Schall's opinions, although not requiring such reexamination, this order also does not preclude it.

**IT IS SO ORDERED**.

Dated: March 12, 2019

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

[4] Dr. Schall's "opinions" were also rendered after those of the consulting physicians upon whom the ALJ relied for DeFiore's physical assessment. But the difference is in the quality of the opinions of Dr. Schall as compared to those of Dr. Kaplan. As already noted, Dr. Schall's opinions were rendered in two single sentences unsupported by objective medical evidence. Neither the regulations nor the case law would require the ALJ to give such conclusory assertions controlling weight in the face of contrary record evidence.