# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| FRED P. DEFIORE, | ) | CASE NO. 1:18-cv-184 |
| | ) | |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is plaintiff's counsel's motion for attorney fees under the Social Security Act, 42 U.S.C. § 406(b)(1). (Doc. No. 24 ["Mot."].) The Commissioner of Social Security ("Commissioner") filed a response[1] (Doc. No. 26 ["Resp."]), and plaintiff filed a reply (Doc. No. 27 ["Reply"]). For the reasons that follow, plaintiff's motion is granted in part to the extent set forth herein.

## I.    BACKGROUND

On July 25, 2014, Fred P. Defiore ("Defiore" or "plaintiff") hired counsel, Denio A. Leone, to represent his interests in pursuing social security disability benefits. A fee agreement was executed by Defiore and counsel. (Doc. No. 24-1, Attorney Fee Agreement for Social Security Disability Representation ["Fee Agreement"].) After full administrative proceedings, Defiore's application for disability benefits was denied by the Commissioner on November 29, 2016.

---

[1] The Commissioner acknowledges that "'[he] has no direct financial stake in the answer to the § 406(b) question; instead, [he] plays a part in the fee determination resembling that of a trustee for the claimants.'" (Resp. at 1854 (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6, 122 S. Ct. 1817, 152 L. E. 2d 996 (2002)). [All page number citations to the motion briefing are to the Page ID # assigned by the clerk's electronic filing system.]

On January 24, 2018, the Appeals Council having denied administrative review, Defiore invoked the jurisdiction of this Court for judicial review and included a request for an award of attorney fees and costs. On March 12, 2019, this Court vacated the Commissioner's denial of benefits and remanded for additional administrative proceedings. Following that ruling, although Defiore would have already been considered the "prevailing party" by virtue of the reversal and remand, counsel did not seek an award of fees and/or costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(B). *See Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012) ("[a] sentence-four remand makes the plaintiff a 'prevailing party' under the EAJA").[2]

Ultimately, those additional administrative proceedings resulted in a November 19, 2019 decision in Defiore's favor. He was found to be disabled as of March 1, 2011, and awarded past due benefits in the amount of $92,703.75 for the period between October 2013 and February 2020; in addition, his family was awarded $30,855.75. (*See* Doc. No. 24-3 at 1828.) Of that total amount, $30,855.75 was set aside for possible attorney fees. (*Id*. at 1829.) On May 16, 2020, counsel was awarded $10,000.00 in fees for services before the Social Security Administration, which were paid from the withheld amount. (*See* Doc. No. 24-4 at 1835; Doc. No. 24-5 at 1838–39.) The remaining $20,855.75 was retained "in case we need to pay your representative in court fees under Section 406(b)." (Doc. 24-4 at 1835.)

---

[2] Sentence four of 42 U.S.C. § 405(g) provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." Although this Court did not explicitly cite sentence four in its remand order, the remand was quite clearly under sentence four (*i.e.*, a judgment reversing and remanding for further administrative proceedings), which confers "prevailing party" status, as distinguished from a sentence six remand (*i.e.*, a remand pursuant to the Commissioner's motion for remand, with the retention of jurisdiction and anticipation of further court proceedings following the additional administrative proceedings), which does not, by itself, confer "prevailing party" status. *See Marshall v. Comm'r of Soc. Sec.*, 444 F.3d 837, 841–42 (6th Cir. 2006) (citing *Sims v. Apfel*, 238 F.3d 597, 600 (5th Cir. 2001)).

Defiore has now filed a motion for an award of attorney fees under 42 U.S.C. § 406(b)(1) in the amount of $15,120.00, with his counsel claiming an hourly rate of $280.00 for 54 hours of work before this Court. (Mot. at 1798.) Defiore also seeks to recover expenses advanced by counsel in the amount of $983.71. (*Id.*)

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 406(b)(1)(A), following a favorable judgment on a Social Security disability appeal, the Court may award attorney fees not to exceed twenty-five percent of the past-due benefits received by the claimant. The fee award must be reasonable in light of services rendered. *Gisbrecht*, 535 U.S. at 807. But when this Court awards fees, it need not consider any award already made by the Social Security Administration because the cap applies only to fees for court representation. *Culbertson v. Berryhill*, __ U.S. __, 139 S. Ct. 517, 523, 202 L. Ed. 2d  469 (2019).

If counsel has a fee agreement with his client that complies with the 25% cap, there is a rebuttable presumption that such fees are reasonable. *Lasley v. Comm'r of Soc. Sec.*, 771 F.3d 308, 309 (6th Cir. 2014) (citing *Hayes v. Sec'y of Health & Human Servs.*, 923 F.2d 418, 421 (6th Cir. 1990); *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989) (en banc)). Deductions are made in only two situations: "1) those occasioned by improper conduct or ineffectiveness of counsel; and 2) situations in which counsel would otherwise enjoy a windfall because of either an inordinately large benefit award or from minimal effort expended." *Hayes*, 923 F.2d at 420–421 (quoting *Rodriquez*, 865 F.2d at 746).

3

Where, as here, counsel never sought fees under the EAJA,[3] "courts have reduced the amount of a § 406(b) award by the amount that likely would have been awarded under the EAJA if an EAJA application had been granted." *Jones v. Comm'r of Soc. Sec.*, No. 1:14-cv-748, 2017 WL 1745569, at *4 (S.D. Ohio May 4, 2017)[4] (citing  *Dixon v. Comm'r of Soc. Sec.*, No. 10-cv-5703, 2013 WL 5299561, at *4 (D.N.J. Sept. 18, 2013) (reducing § 406(b) award by the $5,643.75 that likely would have been awarded if counsel had filed an EAJA application); *Harlow v. Astrue*, 610 F. Supp. 2d 1032, 1035 (D. Neb. 2009) (declining to award any of the $5,524.60 requested under § 406(b) because counsel "might have recovered up to $7,517.13 if he had applied for an award of attorney fees under the EAJA"); *Benton v. Comm'r of Soc. Sec.*, No. 03-cv-3154, 2007 WL 2027320, at *3 (E.D.N.Y. May 17, 2007) (reducing § 406(b) award by the $4,187.50 that likely would have been awarded if counsel had filed an EAJA application)).

The rationale for this reduction is that "an EAJA award 'is authorized against the public fisc,' but a § 406(b) award 'comes out of the claimant's disability monies.'" *Jones*, 2017 WL 1745569, at *4 (quoting *Meyers v. Heckler*, 625 F. Supp. 228, 231 (S.D. Ohio 1985) (citing *Eustache v. Sec'y of Dep't of Health & Human Servs.*, 601 F. Supp. 176, 178 (E.D.N.Y. 1985)). The reduction serves to ameliorate the inherent conflict of interest created "'when an attorney *only* seeks payment from his client and does not attempt to shift fee payment to the government.'" *Id*. (quoting *Shepherd v. Apfel*, 981 F. Supp. 1188, 1192 (S.D. Iowa 1997) (emphasis in original) (noting that an attorney has a "duty to avoid conflicts of interest in fulfilling his duty to his client[]")).

---

[3] Any EAJA application for fees would have been due within 30 days of the March 12, 2019 final judgment. 28 U.S.C. § 2412(d)(1)(B). That deadline had passed by the time the instant motion was filed on June 3, 2020.

[4] This opinion in *Jones* is a magistrate judge's report and recommendation, which, according to the PACER docket in the case, was adopted by the district court on June 8, 2017. *See* Case No. 1:14-cv-748 (S.D. Ohio), Doc. No. 32.

## III.    DISCUSSION

In his capacity as a "trustee for the claimant[,]" the Commissioner raises three concerns with respect to the fee petition: "(1) that the fee agreement presented by [p]laintiff's counsel does not apply to work performed in the Federal Court; (2) the [p]etition seeks to recover excessive fees for time leading up to filing of the complaint, as well as for non-compensable time expended months after this Court's remand order; and (3) the [p]etition seeks to recover the attorney's out-of-pocket expenses." (Resp. at 1854.) The Court addresses each of these concerns below.

The Commissioner has not specifically addressed the effect, if any, of the fact that plaintiff's counsel did not seek fees under the EAJA. The Court will address that matter within its discussion of the reasonableness of the instant request.

### A.    Lack of Fee Agreement for Work in Federal Court

In support of this first concern, the Commissioner points to *Michael K. v. Berryhill*, No. 1:16-cv-1536, 2019 WL 1367453 (S.D. Ind. March 26, 2019), a case where, as here, there was no separate fee agreement covering services performed in court, which precluded the court's ability to conduct its reasonableness review. In denying the fee petition, the court noted that the fee agreement covering the attorney's work before the administrative agency "does not communicate to Michael K. that his counsel is entitled to any fees over and above fees recoverable under § 406(a) [for administrative services]." *Id*. at *3.

In his reply brief, plaintiff's counsel acknowledges that the fee agreement between him and Defiore applies specifically to the services counsel performed before the Social Security Administration, and that a separate agreement for services in this Court was never executed. (Reply at 1871.) Nonetheless, counsel argues that the language of the fee agreement contemplates separate payment for services performed in court, and that Defiore himself always understood that his

5

counsel would be paid for such services. (*Id.*; *see* Fee Agreement at 1805 ("Attorney shall advise Client of the opinion concerning the advisability of Appeal [to the Court] and may undertake to provide services as counsel for any such appeal, under a new, separate and distinct contract for services.").) To that extent, *Michael K.* is distinguishable, as even the Commissioner concedes. (Resp. at 1857 ("the fee agreement in this case—unlike the agreement in *Michael K.*—at least hints at the possibility that there may be an additional charge for federal-court work.").)

The Commissioner suggests that this Court could give Defiore "an opportunity to personally comment on what (if any) fee he believes would be appropriate here." (Resp. at 1860.) "Plaintiff and his counsel are fully receptive to this recommendation." (Reply at 1874.) That said, this Court finds no reason to seek such personal input from plaintiff because the existing fee agreement contemplates additional fees for services performed in court, and this Court is able to evaluate the reasonableness of the fees sought based on the information provided in the briefing and attachments thereto.

### B.      Reasonable Fee for Attorney's Representation in Court

The starting point for a "reasonable" fee under § 406 is the statutory amount of 25% of the past due benefits. Here, Defiore was awarded $92,703.75 and his family was awarded $30,855.75, for a total of $123,559.50 in past due benefits.[5] The statutory cap on § 406 fees would, therefore, be $30,889.88.[6] So long as any fee agreement between Defiore and his counsel did not award an amount in excess of that 25%, the Court should consider it reasonable. But here, there is no fee agreement covering counsel's representation before this Court.

---

[5] The Court acknowledges that this very favorable outcome is attributable, at least in part, to counsel's representation.

[6] The agency withheld $30,855.75, which is not 25%, but is the equivalent of the amount awarded to Defiore's family in past due benefits. This appears to have been a clerical error, but it is of no consequence here.

Ordinarily, the most useful starting point for an analysis of reasonableness of fees is the "lodestar" method, under which the number of hours reasonably devoted to the case is multiplied by a reasonable hourly fee. But that method is used "under statutes that shift the obligation to pay to the loser in the litigation[.]" *Gisbrecht*, 535 U.S. at 792–93 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 426, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) (interpreting 42 U.S.C. § 1988, which allows a "prevailing party" to recover from his adversary "a reasonable attorney's fee as part of the costs")). In this instance, although Defiore is the "prevailing party," any payment to his attorney will be coming out of Defiore's past due benefits. Nonetheless the Court will start by determining an amount under the lodestar method and will then evaluate the impact on that amount of counsel's failure to file an EAJA petition.

### 1.     Number of Hours

Counsel here seeks fees for 54 itemized hours of work in this Court performed between January 10, 2018 and December 16, 2019. (*See* Doc. No. 24-6.) The Court has examined each of the entries and concludes that some should be disallowed.

First, all of entries between July 26, 2019 and December 16, 2019 (totaling 4.625 hours[7]) are disallowed because they involve representation before the administrative agency.

Second, some of the entries are for time spent by counsel familiarizing himself with federal and local rules (1/10/2018 [1.25]), with procedures for filing electronically (1/24/2018 [1.0]), and with Social Security cases in general (3/30/2018 [.75]). A client is not responsible for hours devoted to attorney training. *Richards v. Sec'y of Health & Human Servs.*, 884 F. Supp. 256, 260 (N.D. Ohio 1995). These entries (totaling 3.0 hours) are disallowed.

---

[7] The Commissioner incorrectly stated that this was 9.5 hours. (Resp. at 1858.)

7

Third, some entries are for performance of clerical work, such as preparation of fax transmittal sheets (1/24/2018 [.25]) and certified letters (1/31/2018 [.25]; 2/3/2018 [.25]), which are tasks that should be performed by clerical staff, not an attorney. *Adkins v. Comm'r of Soc. Sec.*, 393 F. Supp. 3d 713, 720 (N.D. Ohio 2019) (clerical work is non-compensable) (citing cases). These entries (totaling 0.75 hours) are disallowed.

Finally, the Court finds a few entries to be excessive and likely caused by counsel's admitted lack of experience with Social Security disability cases.[8] In particular, counsel indicates a total of 15.5 hours for the preparation of Defiore's opening brief (not including even more time spent preparing the attachments to the brief). The substance of the opening brief was contained in 21 pages, of which only 14 contained legal argument, the remainder containing background information also duplicated in the attachments (for which full time is being allowed). (*See* Doc. No. 9.) Although inexperience of counsel would usually be accounted for by way of the hourly rate, the Court finds that slightly reducing the allowed hours for the briefing is the better route. Accordingly, the Court concludes that 3.5 hours should be disallowed; 12.0 hours for the opening brief in this case is more than adequate.

The Court concludes that the other time entries are reasonable—both in time spent and legal tasks performed. Therefore, the Court will award fees based on 42.125 hours of service (*i.e.*, 54 hours minus 11.875 hours [4.625 + 3.0 + 0.75 + 3.5 hours]).

---

[8] *See* Doc. No. 24-7, Affidavit of Denio A. Leone ("Leone Aff.") ¶ 11 ("Affiant, by choice, only handles a very limited number of social security disability cases … [and] has never had prior experience in filing for either EAJA fees, or, filing for Section 406(b) fees.").

## 2. Hourly Fee

Counsel seeks to bill at an hourly rate of $280.00, which he represents is "squarely in line with the hourly rate [he] charges for his work in non-contingency cases, which is generally between $250–$300 per hour." (Leone Aff. ¶ 9.) Although counsel has offered no information regarding prevailing market rates in this community,[9] courts in this district have found hourly rates as high as $350 to be reasonable and not excessive. *See Britton v. Comm'r of Soc. Sec.*, No. 5:15-cv-325, 2018 WL 4335595, at *1 (N.D. Ohio Sept. 11, 2018) (citing cases).

Accordingly, the Court concludes that an hourly rate of $280.00 is reasonable. When multiplied by the number of hours also deemed reasonable (*i.e.* $280 x 42.125), the result is $11,795.00. That does not, however, end the analysis.

## 3. Impact of Failure to Seek EAJA Fees

Notwithstanding the above discussion, the Court must also determine what, if any, impact counsel's failure to seek EAJA fees should have on any award under § 406. As already noted above, "courts have reduced the amount of a § 406(b) award by the amount that likely would have been awarded under the EAJA if an EAJA application had been granted." *Jones*, 2017 WL 1745569, at *4.

The EAJA sets a cap of $125.00 on the hourly rate. Courts often permit an upward departure from this amount to account for cost of living increases since 1996, the time when that rate was last capped. *See Gisbrecht*, 535 U.S. at 796 n. 4 ("A higher fee may be awarded if 'the court determines that an increase in the cost of living … justifies a higher fee.") (quoting 28 U.S.C.

---

[9] When establishing an hourly rate for purposes of the lodestar methodology, the burden is typically on counsel seeking fees to provide some evidence of the prevailing market rate in the relevant community. *See Blum v. Stenson*, 465 U.S. 886, 895, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984) (reasonable fees under 42 U.S.C. § 1988).

§ 2412(d)(2)(A)(ii)). But here the issue is whether an EAJA award that would likely have been made, had counsel sought it, should be used to reduce the amount counsel now seeks, not from the public fisc, but from his client's past due benefits. For that purpose, the Court will use the statutory hourly rate of $125.00.

The Court concludes that, when this this hourly rate is multiplied by the hours the Court has deemed reasonable (*i.e.*, 42.125 hours), had counsel moved for EAJA fees, at a minimum he could have been awarded $5,265.63. This amount would have been paid directly to his client and would have offset his client's liability to counsel for fees. Counsel makes no attempt to explain his failure to apply for EAJA fees—perhaps it was due to his inexperience with Social Security cases. Even so, since counsel does attest that he is not *entirely* inexperienced with this type of case, his failure to seek EAJA fees amounts to a certain level of ineffectiveness for which counsel should not be permitted to profit. *See Losco v. Bowen*, 638 F. Supp. 1262, 1268 (S.D.N.Y. 1986) ("Having foregone an opportunity to seek fees from the [Commissioner] under the EAJA, counsel will not be permitted to obtain a bonus for that shortcoming in the form of a premium fee deducted from his client's past-due benefits.").

As a result, the Court concludes that the amount of the potential EAJA fee award should operate as a reduction on the § 406 fees that would otherwise be awarded. *See Iliceto v. Sec'y of Dep't of Health & Hum. Servs.*, No. 83-cv-2160, 1990 WL 186254, at *2 and n.2 (E.D.N.Y. Nov. 14, 1990) (where, despite an office fire that had prevented counsel from filing his EAJA petition, § 406 fees were nonetheless reduced by an amount equal to the number of hours worked multiplied by "the standard EAJA hourly award rate"—then $90—because the client should not have to "shoulder the financial burden of the lost EAJA fees[]").

In conclusion, the overall fee that will be awarded to counsel (to be payable from the amount still being held by the Commissioner) is $11,795.00 minus the estimated lost EAJA fees of $5,265.63, for a final award of $6,529.37.

### C.    Costs and Expenses

Plaintiff seeks reimbursement for certain out-of-pocket expenses that counsel advanced to plaintiff. The Commissioner correctly points out that § 406 authorizes an award of a "reasonable fee for [the attorney's] representation" payable from the withheld past-due benefits. (Resp. at 1860.) In his reply brief, plaintiff concedes that this matter "should be dealt with between [p]laintiff and his counsel." (Reply at 1874.) Therefore, no costs or expenses will be awarded.

## IV.    CONCLUSION

For the reasons set forth above, plaintiff Defiore's motion for attorney fees under 42 U.S.C. § 406 is granted in part and counsel shall be awarded $6,529.37, payable from the amount still being withheld by the Commissioner from Defiore's past due benefits. After this attorney fee is paid, any balance of benefits being withheld shall be remitted to Fred P. Defiore.

**IT IS SO ORDERED**.

Dated: September 24, 2020

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

11